# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASICS AMERICA CORPORATION,<br><br>    **Declaratory-Judgment Plaintiff and Counterclaim-Defendant,**<br><br>v.<br><br>AKEVA L.L.C.,<br><br>    **Declaratory-Judgment Defendant and Counterclaim-Plaintiff,**<br><br>v.<br><br>NIKE, INC.; ADIDAS AMERICA, INC.; NEW BALANCE ATHLETIC SHOE, INC.; and PUMA NORTH AMERICA, INC.,<br><br>    **Counterclaim-Defendants.** | Civil Action No.: 1:09-CV-135 |

## AMENDED ANSWER AND COUNTERCLAIM

Declaratory-Judgment Defendant Akeva L.L.C. ("Akeva"), by counsel, hereby answers the Complaint for Declaratory Judgment (the "Complaint") filed by Declaratory-Judgment Plaintiff ASICS America Corporation ("ASICS") as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Akeva admits the allegations contained in Paragraph 1 of the Complaint.

2.     Akeva admits the allegations contained in Paragraph 2 of the Complaint.

3.     Akeva admits that this Court has jurisdiction over the subject matter of this action.

4.     Akeva admits that this Court may declare the rights and other legal relations of the parties.

5.     Akeva admits that this Court has personal jurisdiction over Akeva.

6.      Akeva admits that venue is proper in this Judicial District.

## BACKGROUND

7.      Akeva admits that ASICS is a supplier of athletic shoes.  Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Akeva admits that it is the current owner of United States Patent Nos. 5,560,126 issued on October 1, 1996 ("the '126 patent"); 6,966,130 issued on November 22, 2005 ("the '130 patent"); 6,968,635 issued on November 29, 2005 ("the '635 patent"); 6,996,924 issued on February 14, 2006 ("the '924 patent"); 7,069,671 issued on July 4, 2006 ("the '671 patent"); 7,082,700 issued on August 1, 2006 ("the '700 patent"); 7,089,689 issued on August 15, 2006 ("the '689 patent"); 7,114,269 issued on October 3, 2006 ("the '269 patent"); 7,155,843 issued on January 2, 2007 ("the '843 patent"); and 7,380,350 issued on June 3, 2008 ("the '350 patent"; collectively "the Akeva Patents").  Akeva admits that true and correct copies of the '126 patent, the '130 patent, the '635 patent, the '924 patent, the '671 patent, the '700 patent, the '689 patent, the '269 patent, and the '843 patent were attached as Exhibits A-I to the Complaint.  Akeva denies that a true and correct copy of the '350 patent was attached as Exhibit J to the Complaint. Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Akeva admits that it does not manufacture or market any products covered by these patents.  Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. Akeva denies the allegations contained in Paragraph 10 of the Complaint.

## THE CONTROVERSY

11. Akeva admits that on or about December 4, 2008, counsel for Akeva contacted ASICS concerning certain athletic shoes sold by ASICS that infringe one or more claims of the Akeva Patents. Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. Akeva admits that on or about December 5, 2008, counsel for Akeva provided ASICS with a draft version of a complaint for patent infringement against ASICS. Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Akeva admits that the parties thereafter engaged in settlement discussions. Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Akeva admits that during this period, ASICS agreed on several occasions not to sue Akeva and that ASICS' final agreement not to sue Akeva expired on February 20, 2009. Further, in response to an offer made by Akeva on February 17, 2009, ASICS made a counteroffer at 4:21 PM on Friday, February 20, 2009, and then proceeded to file the instant Complaint on Saturday, February 21, 2009. Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. Akeva admits that during this period Akeva retained its right to sue ASICS.

16.     Akeva admits that Akeva has asserted a right to receive appropriate relief for infringement of the Akeva Patents based on sales by ASICS of certain athletic shoes.  Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17.     Akeva admits that Akeva has prepared and provided ASICS with a draft of a complaint for patent infringement against ASICS.  Akeva is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18.     Akeva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '126 Patent)**

19.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 18 of the Complaint with respect to the allegations contained in Paragraph 19.

20.     Akeva denies the allegations contained in Paragraph 20 of the Complaint.

21.     Akeva denies the allegations contained in Paragraph 21 of the Complaint.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of the '130 Patent)**

22.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 21 of the Complaint with respect to the allegations contained in Paragraph 22.

23.     Akeva denies the allegations contained in Paragraph 23 of the Complaint.

24.     Akeva denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '635 Patent)

25.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 24 of the Complaint with respect to the allegations contained in Paragraph 25.

26.     Akeva denies the allegations contained in Paragraph 26 of the Complaint.

27.     Akeva denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of the '924 Patent)

28.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 27 of the Complaint with respect to the allegations contained in Paragraph 28.

29.     Akeva denies the allegations contained in Paragraph 29 of the Complaint.

30.     Akeva denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT V
### (Declaratory Judgment of Non-Infringement of the '671 Patent)

31.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 30 of the Complaint with respect to the allegations contained in Paragraph 31.

32.     Akeva denies the allegations contained in Paragraph 32 of the Complaint.

33.     Akeva denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT VI
### (Declaratory Judgment of Non-Infringement of the '700 Patent)

34.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 33 of the Complaint with respect to the allegations contained in Paragraph 34.

35.     Akeva denies the allegations contained in Paragraph 35 of the Complaint.

36.     Akeva denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT VII
### (Declaratory Judgment of Non-Infringement of the '689 Patent)

37.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 36 of the Complaint with respect to the allegations contained in Paragraph 37.

38.     Akeva denies the allegations contained in Paragraph 38 of the Complaint.

39.     Akeva denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT VIII
### (Declaratory Judgment of Non-Infringement of the '269 Patent)

40.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 39 of the Complaint with respect to the allegations contained in Paragraph 40.

41.     Akeva denies the allegations contained in Paragraph 41 of the Complaint.

42.     Akeva denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT IX
### (Declaratory Judgment of Non-Infringement of the '843 Patent)

43.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 42 of the Complaint with respect to the allegations contained in Paragraph 43.

44.     Akeva denies the allegations contained in Paragraph 44 of the Complaint.

45.     Akeva denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT X
### (Declaratory Judgment of Non-Infringement of the '350 Patent)

46.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 45 of the Complaint with respect to the allegations contained in Paragraph 46.

47.     Akeva denies the allegations contained in Paragraph 47 of the Complaint.

48.     Akeva denies the allegations contained in Paragraph 48 of the Complaint.

## COUNT XI
### (Declaratory Judgment of Invalidity of the Akeva Patents)

49.     Akeva hereby incorporates by reference, as if fully set forth herein, its responses to the allegations in Paragraphs 1 through 48 of the Complaint with respect to the allegations contained in Paragraph 49.

50.     Akeva denies the allegations contained in Paragraph 50 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Akeva denies that ASICS is entitled to its requested relief.

## AKEVA'S DEFENSES

Akeva reserves the right to assert additional defenses as discovery proceeds and reveals facts not currently known or available to Akeva.

WHEREFORE, having fully answered the allegations contained in the Complaint, Akeva requests that the Complaint be dismissed with prejudice and judgment entered in its favor with an award of fees and costs.

## AKEVA'S AMENDED COUNTERCLAIM FOR PATENT INFRINGEMENT

Declaratory-Judgment Defendant/Counterclaim-Plaintiff Akeva, by counsel, brings this Counterclaim for Patent Infringement against Declaratory-Judgment Plaintiff/Counterclaim-Defendant ASICS, and Counterclaim-Defendants Nike, Inc. ("Nike").; adidas America, Inc. ("Adidas"); New Balance Athletic Shoe, Inc. ("New Balance"); and Puma North America, Inc. ("Puma"). In support thereof, Akeva states as follows:

### PARTIES

1.      Akeva is a limited liability company organized and existing under the laws of the state of North Carolina, with its principal place of business located at 100 North Greene Street, Suite 600, Greensboro, North Carolina, 27401.

2.      Upon information and belief, ASICS is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 29 Parker, Suite 100, Irvine, California 92618.

3.      Upon information and belief, Nike is a corporation organized and existing under the laws of the state of Oregon, with its principal place of business located at One Bowerman Drive, Beaverton, Oregon 97005.

4.      Upon information and belief, Adidas is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 5055 N. Greeley Avenue, Portland, Oregon 97217.

5.      Upon information and belief, New Balance is a corporation organized and existing under the laws of the state of Massachusetts, with its principal place of business located at Brighton Landing, 20 Guest Street, Boston, Massachusetts 02135-2088.

6.      Upon information and belief, Puma is a Delaware corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 5 Lyberty Way, Westford, Massachusetts 01886.

## NATURE OF THE ACTION

7.      This is a civil action for infringement of United States Patent Nos. 5,560,126 ("the '126 patent"); 6,966,130 ("the '130 patent"); 6,968,635 ("the '635 patent"); 6,996,924 ("the '924 patent"); 7,069,671 ("the '671 patent"); 7,082,700 ("the '700 patent"); 7,089,689 ("the '689 patent"); 7,114,269 ("the '269 patent"); 7,155,843 ("the '843 patent"); 7,380,350 ("the '350 patent"); 7,536,809 ("the '809 patent"); 7,540,099 ("the '099 patent"); 7,043,857 ("the '857 patent"); 7,040,041 ("the '041 patent"); 6,966,129 ("the '129 patent"); 6,996,923 ("the '923 patent"); 7,040,040 ("the '040 patent"); and 7,127,835 ("the '835 patent") (collectively "the Akeva Patents").  This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over the Counterclaim-Defendant ASICS by virtue ASICS' filing of the instant Complaint in this Judicial District as well as the fact that, *inter alia*, ASICS has committed, or aided, abetted, contributed to and/or participated in the

commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Akeva, in this judicial district. This Court has personal jurisdiction over ASICS for the additional reasons set forth below.

10.     This Court has personal jurisdiction over ASICS by virtue of, *inter alia*, its systematic and continuous contacts with the State of North Carolina. ASICS manufactures, assembles and/or supplies products that are and have been used, offered for sale, sold, and purchased in this judicial district. ASICS, directly and/or through its distribution network, places its products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products would be sold in this judicial district.

11.     ASICS does business in this district, including providing products that are used, offered for sale, sold, or have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

12.     Upon information and belief, this Court has personal jurisdiction over Nike by virtue of, *inter alia*, its systematic and continuous contacts with the Middle District of North Carolina. Nike manufactures, assembles and/or supplies products that are and have been used, offered for sale, sold, and purchased in this judicial district. Nike, directly and/or through its distribution network, places its products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products would be sold in this judicial district.

13.     Nike does business in this district, including providing products that are used, offered for sale, sold, or have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

14.     Upon information and belief, this Court has personal jurisdiction over Adidas by virtue of, *inter alia*, its systematic and continuous contacts with the Middle District of North Carolina. Adidas manufactures, assembles and/or supplies products that are and have been used, offered for sale, sold, and purchased in this judicial district. Adidas, directly and/or through its distribution network, places its products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products would be sold in this judicial district.

15.     Adidas does business in this district, including providing products that are used, offered for sale, sold, or have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

16.     Upon information and belief, this Court has personal jurisdiction over New Balance by virtue of, *inter alia*, its systematic and continuous contacts with the Middle District of North Carolina. New Balance manufactures, assembles and/or supplies products that are and have been used, offered for sale, sold, and purchased in this judicial district. New Balance, directly and/or through its distribution network, places its products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products would be sold in this judicial district.

17.     New Balance does business in this district, including providing products that are used, offered for sale, sold, or have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

18.     Upon information and belief, this Court has personal jurisdiction over Puma by virtue of, *inter alia*, its systematic and continuous contacts with the Middle District of North

Carolina. Puma manufactures, assembles and/or supplies products that are and have been used, offered for sale, sold, and purchased in this judicial district. Puma, directly and/or through its distribution network, places its products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products would be sold in this judicial district.

19.     Puma does business in this district, including providing products that are used, offered for sale, sold, or have been purchased in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## THE PATENTS IN SUIT

20.     U.S. Patent No. 5,560,126, titled *Athletic Shoe with Improved Sole,* duly and lawfully issued on October 1, 1996. Akeva is the current owner of all rights, title, and interest in the '126 patent. A true and correct copy of the '126 patent is attached hereto as Exhibit A.

21.     U.S. Patent No. 6,966,130, titled *Plate for athletic shoe*, duly and lawfully issued on November 22, 2005. Akeva is the current owner of all rights, title, and interest in the '130 patent. A true and correct copy of the '130 patent is attached hereto as Exhibit B.

22.     U.S. Patent No. 6,968,635, titled *Athletic shoe bottom*, duly and lawfully issued on November 29, 2005. Akeva is the current owner of all rights, title, and interest in the '635 patent. A true and correct copy of the '635 patent is attached hereto as Exhibit C.

23.     U.S. Patent No. 6,996,924, titled *Rear sole structure for athletic shoe*, duly and lawfully issued on February 14, 2006. Akeva is the current owner of all rights, title, and interest in the '924 patent. A true and correct copy of the '924 patent is attached hereto as Exhibit D.

24.     U.S. Patent No. 7,069,671, titled *Arch bridge for athletic shoe*, duly and lawfully issued on July 4, 2006.  Akeva is the current owner of all rights, title, and interest in the '671 patent.  A true and correct copy of the '671 patent is attached hereto as Exhibit E.

25.     U.S. Patent No. 7,082,700, titled *Athletic Shoe with Inclined Wall Configuration,* duly and lawfully issued on August 1, 2006.  Akeva is the current owner of all rights, title, and interest in the '700 patent.  A true and correct copy of the '700 patent is attached hereto as Exhibit F.

26.     U.S. Patent No. 7,089,689, titled *Athletic shoe with inclined wall configuration and non-ground-engaging member*, duly and lawfully issued on August 15, 2006.  Akeva is the current owner of all rights, title, and interest in the '689 patent.  A true and correct copy of the '689 patent is attached hereto as Exhibit G.

27.     U.S. Patent No. 7,114,269, titled *Athletic shoe with improved sole*, duly and lawfully issued on October 3, 2006.  Akeva is the current owner of all rights, title, and interest in the '269 patent.  A true and correct copy of the '269 patent is attached hereto as Exhibit H.

28.     U.S. Patent No. 7,155,843, titled *Athletic shoe with visible arch bridge*, duly and lawfully issued on January 2, 2007.  Akeva is the current owner of all rights, title, and interest in the '843 patent.  A true and correct copy of the '843 patent is attached hereto as Exhibit I.

29.     U.S. Patent No. 7,380,350, titled *Athletic Shoe with Bottom Opening,* duly and lawfully issued on June 3, 2008.  Akeva is the current owner of all rights, title, and interest in the '350 patent.  A true and correct copy of the '350 patent is attached hereto as Exhibit J.

30.     U.S. Patent No. 7,536,809, titled *Athletic Shoe with Visible Arch Bridge*, duly and lawfully issued on May 26, 2009.  Akeva is the current owner of the all rights, title, and interest in the '809 patent.  A true and correct copy of the '809 patent is attached hereto as Exhibit K.

31.     U.S. Patent No. 7,540,099, titled *Heel Support for Athletic Shoe*, duly and lawfully issued on June 2, 2009.  Akeva is the current owner of the all rights, title, and interest in the '099 patent.  A true and correct copy of the '099 patent is attached hereto as Exhibit L.

32.     U.S. Patent No. 7,043,857, titled *Athletic shoe having cushioning*, duly and lawfully issued on May 16, 2006.  Akeva is the current owner of all the rights, title, and interest in the '857 patent.  A true and correct copy of the '857 patent is attached hereto as Exhibit M.

33.     U.S. Patent No. 7,040,041, titled *Athletic shoe with plate*, duly and lawfully issued on May 9, 2006.  Akeva is the current owner of all the rights, title, and interest in the '041 patent.  A true and correct copy of the '041 patent is attached hereto as Exhibit N.

34.     U.S. Patent No. 6,966,129, titled *Cushioning for athletic shoe*, duly and lawfully issued on November 22, 2005.  Akeva is the current owner of all the rights, title, and interest in the '129 patent.  A true and correct copy of the '129 patent is attached hereto as Exhibit O.

35.     U.S. Patent No. 6,996,923, titled *Shock absorbing athletic shoe*, duly and lawfully issued on February 14, 2006.  Akeva is the current owner of all the rights, title, and interest in the '923 patent.  A true and correct copy of the '923 patent is attached hereto as Exhibit P.

36.     U.S. Patent No. 7,040,040, titled *Midsole for athletics shoe*, duly and lawfully issued on May 9, 2006.  Akeva is the current owner of all the rights, title, and interest in the '040 patent.  A true and correct copy of the '040 patent is attached hereto as Exhibit Q.

37.     U.S. Patent No. 7,127,835, titled *Athletic Shoe with Improved Heel Structure*, duly and lawfully issued on October 31, 2006.  Akeva is the current owner of the all rights, title, and interest in the '835 patent.  A true and correct copy of the '835 patent is attached hereto as Exhibit R.

38.     Additionally, Akeva is the current owner of all rights, title, and interest in a U.S. Patent Application for which the issue fee has been paid, which is scheduled to issue as U.S. Patent No. 7,596,888 on October 6, 2009 ("the '888 patent").  Akeva intends to request leave of the court to add this patent to the suit soon after it issues to assert against Nike, Adidas, ASICS, and Puma but not New Balance.  A true and correct copy of the '888 patent application is attached hereto as Exhibit S.

## ACTS GIVING RISE TO THIS ACTION

39.     Akeva incorporates by reference the allegations set forth in Paragraphs 1-38 of this Counterclaim as though fully set forth herein.

40.     David Meschan is an avid runner who experienced shoe performance problems spanning his years as a runner, primarily during the 1990s.  The problems he noticed included among other issues the loss of cushioning and/or spring over the life of the shoe resulting from compression of mid-sole material in the heel region during use.  To address these problems, Mr. Meschan came up with several ideas for athletic shoes including, without limitation, a cushioning technology for the heel region of such shoes.  Mr. Meschan sought patent protection for his ideas and became the inventor (or co-inventor) on more than 28 issued patents in the United States pertaining to improvements in athletic shoes.  After filing for the first of these

patents in the mid-1990s, Mr. Meschan developed prototypes and approached several leading shoe companies to assess their interest.

41.     Upon information and belief, ASICS has offered for sale and sold in the United States shoes that are covered by one or more of the Akeva Patents ("the ASICS Infringing Shoes"). In particular, ASICS has offered for sale and/or sold shoes (or families of shoes) including, but not limited, to those bearing the designations below. Akeva reserves the right to include additional shoe models as discovery proceeds and reveals facts not currently known or available to Akeva.

(a) Gel-Fluent, including but not limited to Gel-Fluent 2, Gel-Fluent 3, and Gel-Fluent TR;

(b) Gel-FX, including but not limited to Gel-FX 2;

(c) Gel-Frantic, including but not limited to Gel-Frantic SV, Gel-Frantic 2 and Gel-Frantic 3; and

(d) Gel Perfection.

42.     Upon information and belief, ASICS had notice of Akeva's asserted patent rights under the Akeva Patents at least as early as December 4, 2008.

43.     Upon information and belief, Nike has offered for sale and sold in the United States shoes that are covered by one or more of the Akeva Patents ("the Nike Infringing Shoes"). In particular, Nike has offered for sale and/or sold shoes (or families of shoes) including, but not limited, to those bearing the designations below. Akeva reserves the right to include additional shoe models as discovery proceeds and reveals facts not currently known or available to Akeva.

(a) Shox athletic shoes, *e.g.*, Shox Elite II TB, Shox Arraw+, Shox Experience+ 2,

Shox Cameo 2, Shox Junga II, Shox Saya+, Shox NZ, Shox NZ SI Plus, Shox Navina + 4, Shox Resistance Trn SL, Shox Turmoil, Shox Turmoil+, Shox Turbo +9, Shox Turbo + iD, Shox NZ iD, Shox Turmoil+ iD, Shox Turbo 8, Shox Turbo 9, Shox Vision, Shox Turbo+ VI iD, Shox Classic II SI;

      (b)     Impax athletic shoes, *e.g.*, Impax PTU;

      (c)     Reax athletic shoes, *e.g.*, Reax Run 2, Reax Run 3, Reax Run 4, Reax Revolution, Reax TG, and Reax TR III;

      (d)     Tailwind athletic shoes, *e.g.,* Air Max Tailwind; and

      (e)     Air Max athletic shoes, *e.g.,* Air Max 180 and Air Max 360.

44.    Upon information and belief, Adidas has offered for sale and sold in the United States shoes that are covered by one or more of the Akeva Patents ("the Adidas Infringing Shoes"). In particular, Adidas has offered for sale and/or sold shoes (or families of shoes) including but not limited to those bearing the designation "Bounce" or a designation that includes the suffix "bounce," including but not limited to those bearing the designations below. Akeva reserves the right to include additional shoe models as discovery proceeds and reveals facts not currently known or available to Akeva.

      (a)     Megabounce and Microbounce athletic shoes, *e.g.*, Megabounce+ 09, Microbounce+ LT, Spectrum Bounce 2 , Microbounce+ Spectrum 2, Microbounce FH Incite, Megabounce+ TruVersa and the TS Bounce Commander.

45.    Upon information and belief, New Balance has offered for sale and sold in the United States shoes that are covered by one or more of the Akeva Patents ("the New Balance Infringing Shoes"). In particular, New Balance has offered for sale and/or sold shoes (or families of shoes) including but not limited to those bearing the designation "Zip," and/or the

designations below. Akeva reserves the right to include additional shoe models as discovery proceeds and reveals facts not currently known or available to Akeva.

(a) MR8511, 1306, 8507, MX8520, MR8509, and BB905 athletic shoes.

46.     Upon information and belief, Puma has offered for sale and sold in the United States shoes that are covered by one or more of the Akeva Patents ("the Puma Infringing Shoes"). In particular, Puma has offered for sale and/or sold shoes (or families of shoes) including but not limited to certain of those models bearing the designation "Cell," and/or the designations below. Akeva reserves the right to include additional shoe models as discovery proceeds and reveals facts not currently known or available to Akeva.

(a) Cell Cerae II, Cell Cerae, Cell Arane Reflecto, and Yalix.

47.     Akeva was founded in October of 1994 by Mr. Meschan as a vehicle for the licensing and exploitation of his patents relating to athletic shoes. All of Mr. Meschan's patents have been assigned to Akeva. Akeva has never acquired or owned any patents, or rights in patents, other than those patents with respect to which Mr. Meschan is the inventor or co-inventor. Akeva, under Mr. Meschan's direction, has licensed one or more of the patents in its portfolio to one or more athletic shoe manufacturers, and litigated when necessary to protect and enforce its patent rights.

## Count I – Infringement of the '126 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and Puma

48.     Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

49.     ASICS has infringed and is infringing the '126 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

50.     ASICS' acts of direct and/or indirect infringement of the '126 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

51.     ASICS' direct and/or indirect infringement of the '126 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

52.     ASICS' acts of infringement of the '126 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

53.     Nike has infringed and is infringing the '126 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

54.     Nike's acts of direct and/or indirect infringement of the '126 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

55.     Nike's direct and/or indirect infringement of the '126 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

56.     Nike's acts of infringement of the '126 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

57.     Adidas has infringed and is infringing the '126 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

58.     Adidas' acts of direct and/or indirect infringement of the '126 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

59.     Adidas' direct and/or indirect infringement of the '126 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

60.     Adidas' acts of infringement of the '126 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

61.     Puma has infringed and is infringing the '126 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

62.     Puma's acts of direct and/or indirect infringement of the '126 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

63.     Puma's direct and/or indirect infringement of the '126 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

64.     Puma's acts of infringement of the '126 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

**Count II – Infringement of the '130 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and Puma**

65.     Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

66. ASICS has infringed and is infringing the '130 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

67. ASICS' acts of direct and/or indirect infringement of the '130 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

68. ASICS' direct and/or indirect infringement of the '130 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

69. ASICS' acts of infringement of the '130 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

70. Nike has infringed and is infringing the '130 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

71. Nike's acts of direct and/or indirect infringement of the '130 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

72.     Nike's direct and/or indirect infringement of the '130 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

73.     Nike's acts of infringement of the '130 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

74.     Adidas has infringed and is infringing the '130 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

75.     Adidas' acts of direct and/or indirect infringement of the '130 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

76.     Adidas' direct and/or indirect infringement of the '130 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

77.    Adidas' acts of infringement of the '130 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

78.    Puma has infringed and is infringing the '130 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

79.    Puma's acts of direct and/or indirect infringement of the '130 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

80.    Puma's direct and/or indirect infringement of the '130 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

81.    Puma's acts of infringement of the '130 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

**Count III – Infringement of the '635 Patent by Counterclaim-Defendants ASICS, Nike, and Adidas**

82.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

83.     ASICS has infringed and is infringing the '635 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

84.     ASICS' acts of direct and/or indirect infringement of the '635 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

85.     ASICS' direct and/or indirect infringement of the '635 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

86.     ASICS' acts of infringement of the '635 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

87.     Nike has infringed and is infringing the '635 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

88.     Nike's acts of direct and/or indirect infringement of the '635 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

89.     Nike's direct and/or indirect infringement of the '635 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

90.     Nike's acts of infringement of the '635 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

91.     Adidas has infringed and is infringing the '635 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

92.     Adidas' acts of direct and/or indirect infringement of the '635 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

93.     Adidas' direct and/or indirect infringement of the '635 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

94.     Adidas' acts of infringement of the '635 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

## Count IV – Infringement of the '924 Patent by Counterclaim-Defendants ASICS, Nike, and Adidas

95.     Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

96.     ASICS has infringed and is infringing the '924 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

97.     ASICS' acts of direct and/or indirect infringement of the '924 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

98.     ASICS' direct and/or indirect infringement of the '924 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

99.     ASICS' acts of infringement of the '924 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

100.    Nike has infringed and is infringing the '924 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

101.    Nike's acts of direct and/or indirect infringement of the '924 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

102.    Nike's direct and/or indirect infringement of the '924 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

103.    Nike's acts of infringement of the '924 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

104.    Adidas has infringed and is infringing the '924 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

105.    Adidas' acts of direct and/or indirect infringement of the '924 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

106.    Adidas' direct and/or indirect infringement of the '924 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

107.    Adidas' acts of infringement of the '924 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

## Count V – Infringement of the '671 Patent by Counterclaim-Defendants ASICS, Nike, and Adidas

108.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

109.    ASICS has infringed and is infringing the '671 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

110.    ASICS' acts of direct and/or indirect infringement of the '671 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

111.    ASICS' direct and/or indirect infringement of the '671 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

112.    ASICS' acts of infringement of the '671 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

113.    Nike has infringed and is infringing the '671 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

114.    Nike's acts of direct and/or indirect infringement of the '671 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

115.    Nike's direct and/or indirect infringement of the '671 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

116. Nike's acts of infringement of the '671 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

117. Adidas has infringed and is infringing the '671 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

118. Adidas' acts of direct and/or indirect infringement of the '671 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

119. Adidas' direct and/or indirect infringement of the '671 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

120. Adidas' acts of infringement of the '671 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

**Count VI – Infringement of the '700 Patent by Counterclaim-Defendants ASICS, Nike, and Puma**

121. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

122.     ASICS has infringed and is infringing the '700 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

123.     ASICS' acts of direct and/or indirect infringement of the '700 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

124.     ASICS' direct and/or indirect infringement of the '700 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

125.     ASICS' acts of infringement of the '700 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

126.     Nike has infringed and is infringing the '700 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

127.     Nike's acts of direct and/or indirect infringement of the '700 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

128. Nike's direct and/or indirect infringement of the '700 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

129. Nike's acts of infringement of the '700 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

130. Puma has infringed and is infringing the '700 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

131. Puma's acts of direct and/or indirect infringement of the '700 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

132. Puma's direct and/or indirect infringement of the '700 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

133.     Puma's acts of infringement of the '700 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

## Count VII – Infringement of the '689 Patent by Counterclaim-Defendants ASICS, Nike, and Puma

134.     Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

135.     ASICS has infringed and is infringing the '689 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

136.     ASICS' acts of direct and/or indirect infringement of the '689 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

137.     ASICS' direct and/or indirect infringement of the '689 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

138.     ASICS' acts of infringement of the '689 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

139.     Nike has infringed and is infringing the '689 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

140.     Nike's acts of direct and/or indirect infringement of the '689 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

141.     Nike's direct and/or indirect infringement of the '689 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

142.     Nike's acts of infringement of the '689 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

143.     Puma has infringed and is infringing the '689 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

144.     Puma's acts of direct and/or indirect infringement of the '689 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

145.    Puma's direct and/or indirect infringement of the '689 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

146.    Puma's acts of infringement of the '689 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

**Count VIII – Infringement of the '269 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and Puma**

147.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

148.    ASICS has infringed and is infringing the '269 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

149.    ASICS' acts of direct and/or indirect infringement of the '269 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

150. ASICS' direct and/or indirect infringement of the '269 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

151. ASICS' acts of infringement of the '269 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

152. Nike has infringed and is infringing the '269 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

153. Nike's acts of direct and/or indirect infringement of the '269 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

154. Nike's direct and/or indirect infringement of the '269 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

155.    Nike's acts of infringement of the '269 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

156.    Adidas has infringed and is infringing the '269 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

157.    Adidas' acts of direct and/or indirect infringement of the '269 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

158.    Adidas' direct and/or indirect infringement of the '269 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

159.    Adidas' acts of infringement of the '269 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

160.    Puma has infringed and is infringing the '269 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority,

products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

161.    Puma's acts of direct and/or indirect infringement of the '269 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

162.    Puma's direct and/or indirect infringement of the '269 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

163.    Puma's acts of infringement of the '269 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

## Count IX – Infringement of the '843 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and New Balance

164.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

165.    ASICS has infringed and is infringing the '843 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

166.   ASICS' acts of direct and/or indirect infringement of the '843 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

167.   ASICS' direct and/or indirect infringement of the '843 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

168.   ASICS' acts of infringement of the '843 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

169.   Nike has infringed and is infringing the '843 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

170.   Nike's acts of direct and/or indirect infringement of the '843 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

171.   Nike's direct and/or indirect infringement of the '843 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35

U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

172.    Nike's acts of infringement of the '843 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

173.    Adidas has infringed and is infringing the '843 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

174.    Adidas' acts of direct and/or indirect infringement of the '843 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

175.    Adidas' direct and/or indirect infringement of the '843 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

176.    Adidas' acts of infringement of the '843 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

177.    New Balance has infringed and is infringing the '843 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the New Balance Infringing Shoes that are covered by one or more claims of this patent.

178.    New Balance's acts of direct and/or indirect infringement of the '843 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

179.    New Balance's direct and/or indirect infringement of the '843 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

180.    New Balance's acts of infringement of the '843 patent have caused damage to Akeva, and Akeva is entitled to recover from New Balance the damages sustained by Akeva as a result of New Balance's wrongful acts in an amount subject to proof at trial.

### Count X – Infringement of the '350 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and Puma

181.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

182.    ASICS has infringed and is infringing the '350 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority,

products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

183.    ASICS' acts of direct and/or indirect infringement of the '350 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

184.    ASICS' direct and/or indirect infringement of the '350 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

185.    ASICS' acts of infringement of the '350 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

186.    Nike has infringed and is infringing the '350 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

187.    Nike's acts of direct and/or indirect infringement of the '350 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

188.    Nike's direct and/or indirect infringement of the '350 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

189.    Nike's acts of infringement of the '350 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

190.    Adidas has infringed and is infringing the '350 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

191.    Adidas' acts of direct and/or indirect infringement of the '350 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

192.    Adidas' direct and/or indirect infringement of the '350 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

193. Adidas' acts of infringement of the '350 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

194. Puma has infringed and is infringing the '350 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

195. Puma's acts of direct and/or indirect infringement of the '350 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

196. Puma's direct and/or indirect infringement of the '350 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

197. Puma's acts of infringement of the '350 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

## Count XI – Infringement of the '809 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and New Balance

198. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

199. ASICS has infringed and is infringing the '809 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

200. ASICS' acts of direct and/or indirect infringement of the '809 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

201. ASICS' direct and/or indirect infringement of the '809 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

202. ASICS' acts of infringement of the '809 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

203. Nike has infringed and is infringing the '809 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

204. Nike's acts of direct and/or indirect infringement of the '809 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

205.    Nike's direct and/or indirect infringement of the '809 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

206.    Nike's acts of infringement of the '809 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

207.    Adidas has infringed and is infringing the '809 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

208.    Adidas' acts of direct and/or indirect infringement of the '809 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

209.    Adidas' direct and/or indirect infringement of the '809 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

210. Adidas' acts of infringement of the '809 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

211. New Balance has infringed and is infringing the '809 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the New Balance Infringing Shoes that are covered by one or more claims of this patent.

212. New Balance's acts of direct and/or indirect infringement of the '809 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

213. New Balance's direct and/or indirect infringement of the '809 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

214. New Balance's acts of infringement of the '809 patent have caused damage to Akeva, and Akeva is entitled to recover from New Balance the damages sustained by Akeva as a result of New Balance's wrongful acts in an amount subject to proof at trial.

## Count XII – Infringement of the '099 Patent by Counterclaim-Defendants ASICS, Nike, Adidas, and Puma

215. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

216.    ASICS has infringed and is infringing the '099 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the ASICS Infringing Shoes that are covered by one or more claims of this patent.

217.    ASICS' acts of direct and/or indirect infringement of the '099 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

218.    ASICS' direct and/or indirect infringement of the '099 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

219.    ASICS' acts of infringement of the '099 patent have caused damage to Akeva, and Akeva is entitled to recover from ASICS the damages sustained by Akeva as a result of ASICS' wrongful acts in an amount subject to proof at trial.

220.    Nike has infringed and is infringing the '099 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

221.    Nike's acts of direct and/or indirect infringement of the '099 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

222.     Nike's direct and/or indirect infringement of the '099 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

223.     Nike's acts of infringement of the '099 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

224.     Adidas has infringed and is infringing the '099 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

225.     Adidas' acts of direct and/or indirect infringement of the '099 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

226.     Adidas' direct and/or indirect infringement of the '099 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

227. Adidas' acts of infringement of the '099 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

228. Puma has infringed and is infringing the '099 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

229. Puma's acts of direct and/or indirect infringement of the '099 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

230. Puma's direct and/or indirect infringement of the '099 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

231. Puma's acts of infringement of the '099 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

**Count XIII – Infringement of the '857 Patent by Counterclaim-Defendant Nike**

232. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

233.    Nike has infringed and is infringing the '857 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

234.    Nike's acts of direct and/or indirect infringement of the '857 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

235.    Nike's direct and/or indirect infringement of the '857 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

236.    Nike's acts of infringement of the '857 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

### Count XIV – Infringement of the '041 Patent by Counterclaim-Defendant Nike

237.    Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

238.    Nike has infringed and is infringing the '041 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority,

products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

239. Nike's acts of direct and/or indirect infringement of the '041 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

240. Nike's direct and/or indirect infringement of the '041 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

241. Nike's acts of infringement of the '041 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

### Count XV – Infringement of the '129 Patent by Counterclaim-Defendant Nike

242. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

243. Nike has infringed and is infringing the '129 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

244. Nike's acts of direct and/or indirect infringement of the '129 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

245. Nike's direct and/or indirect infringement of the '129 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

246. Nike's acts of infringement of the '129 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

**Count XVI – Infringement of the '923 Patent by Counterclaim-Defendant Nike**

247. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

248. Nike has infringed and is infringing the '923 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

249. Nike's acts of direct and/or indirect infringement of the '923 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

250. Nike's direct and/or indirect infringement of the '923 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

251. Nike's acts of infringement of the '923 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

### Count XVII – Infringement of the '040 Patent by Counterclaim-Defendant Nike

252. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

253. Nike has infringed and is infringing the '040 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

254. Nike's acts of direct and/or indirect infringement of the '040 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

255. Nike's direct and/or indirect infringement of the '040 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

256. Nike's acts of infringement of the '040 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

## Count XVIII – Infringement of the '835 Patent by Counterclaim-Defendants Nike, Adidas, New Balance, and Puma

257. Akeva incorporates by reference the allegations set forth in Paragraphs 1-47 of this Counterclaim as though fully set forth herein.

258. Nike has infringed and is infringing the '835 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Nike Infringing Shoes that are covered by one or more claims of this patent.

259. Nike's acts of direct and/or indirect infringement of the '835 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

260. Nike's direct and/or indirect infringement of the '835 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35

U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

261.    Nike's acts of infringement of the '835 patent have caused damage to Akeva, and Akeva is entitled to recover from Nike the damages sustained by Akeva as a result of Nike's wrongful acts in an amount subject to proof at trial.

262.    Adidas has infringed and is infringing the '835 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Adidas Infringing Shoes that are covered by one or more claims of this patent.

263.    Adidas' acts of direct and/or indirect infringement of the '835 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

264.    Adidas' direct and/or indirect infringement of the '835 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

265.    Adidas' acts of infringement of the '835 patent have caused damage to Akeva, and Akeva is entitled to recover from Adidas the damages sustained by Akeva as a result of Adidas' wrongful acts in an amount subject to proof at trial.

266.    New Balance has infringed and is infringing the '835 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the New Balance Infringing Shoes that are covered by one or more claims of this patent.

267.    New Balance's acts of direct and/or indirect infringement of the '835 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

268.    New Balance's direct and/or indirect infringement of the '835 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

269.    New Balance's acts of infringement of the '835 patent have caused damage to Akeva, and Akeva is entitled to recover from New Balance the damages sustained by Akeva as a result of New Balance's wrongful acts in an amount subject to proof at trial.

270.    Puma has infringed and is infringing the '835 patent, upon information and belief, by making, using, offering for sale, and/or selling in the United States, without authority, products including but not limited to the Puma Infringing Shoes that are covered by one or more claims of this patent.

271.    Puma's acts of direct and/or indirect infringement of the '835 patent have caused, are causing, and, unless such acts are enjoined by the Court, will continue to cause immediate

and irreparable harm to Akeva for which there is no adequate remedy at law, and for which Akeva is entitled to injunctive relief under 35 U.S.C. § 283.

272.    Puma's direct and/or indirect infringement of the '835 patent, upon information and belief, was willful, continues to be willful, and entitles Akeva to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

273.    Puma's acts of infringement of the '835 patent have caused damage to Akeva, and Akeva is entitled to recover from Puma the damages sustained by Akeva as a result of Puma's wrongful acts in an amount subject to proof at trial.

## DEMAND FOR JURY TRIAL

274.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Akeva demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Akeva prays for judgment and seeks relief against ASICS, Nike, Adidas, New Balance, and Puma as follows:

A.  That ASICS, Nike, Adidas, New Balance, and Puma have infringed directly and/or indirectly and continues to directly and/or indirectly infringe one or more of the '126, '130, '635, '924, '671, '700, '689, '269, '843, '350, '809, '099, '857, '041, '129, '923, '040, and '835 patents;

B.  That ASICS, Nike, Adidas, New Balance, and Puma have willfully infringed one or more of '126, '130, '635, '924, '671, '700, '689, '269, '843, '350, '809, '099, '857, '041, '129, '923, '040, and '835 patents;

C. That ASICS, Nike, Adidas, New Balance, and Puma be permanently enjoined from further infringement of the '126, '130, '635, '924, '671, '700, '689, '269, '843, '350, '809, '099, '857, '041, '129, '923, '040, and '835 patents;

D. That all damages sustained by Akeva as a result of ASICS', Nike's, Adidas', New Balance's, and Puma's acts of infringement are accounted for;

E. That this case is exceptional under 35 U.S.C. § 285 or as otherwise permitted by law;

F. That Akeva be awarded actual damages with prejudgment interest;

G. That Akeva be awarded with the attorney fees, costs and expenses incurred prosecuting this action;

H. That Akeva be awarded treble damages pursuant to 35 U.S.C. § 284; and

I. That Akeva be awarded for such other and further relief as this Court may deem just and proper.

Dated: September 18, 2009                           Respectfully submitted,

*/s/ J. Nathan Duggins III*
J. Nathan Duggins III
N.C. State Bar No: 22029
Emma C. Merritt
N.C. State Bar No: 35446
TUGGLE DUGGINS & MESCHAN, P.A.
P.O. Box 2888
Greensboro, North Carolina 27402
Telephone: 336-378-1431
nduggins@tuggleduggins.com
emerritt@tuggleduggins.com

Mark G. Paulson (D.C. Bar No. 451691)
John B. Williams (D.C. Bar No. 257667)
Paul L. Sharer (D.C. Bar No. 434320)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Attorneys for Akeva L.L.C.